IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| *IN RE:* ) | |
| NON-JUDICIAL CIVIL FORFEITURE ) | MISC NO.: 5:11-mc-15 (MTT) |
| PROCEEDING ) | |
| ) | |
| Assets: $112,430.00 in U.S. Funds; ) | |
| $30,597.81 in U.S. Funds; ) | |
| $21,259.94 in U.S. Funds; ) | |
| $14,996.61 in U.S. Funds; ) | |
| $11,550.39 in U.S. Funds; ) | |
| $11,001.01 in U.S. Funds; ) | |
| $7,551.71 in U.S. Funds; ) | |
| One Ruger P89 Pistol, ) | |
| S/N: 312-25133; ) | |
| One Remington 7400 .243 Caliber Rifle, ) | |
| S/N: N8441563; ) | |
| One Remington 870 12 Gauge Shotgun, ) | |
| S/N: A716593M; ) | |
| One JC Higgins .22 Caliber Rifle, ) | |
| S/N: None; ) | |
| One Eastern .410 Caliber Shotgun, ) | |
| S/N: None; ) | |
| One Armalite .22 Caliber Rifle, ) | |
| S/N: None; ) | |
| One Ranger Pistol, ) | |
| S/N: 397093; ) | |
| One Johnson Revolver, ) | |
| S/N: None; ) | |
| One Taurus PT 24/7, .45 Caliber Pistol, ) | |
| S/N: NAT61929; ) | |
| One Taurus .38 Revolver, ) | |
| S/N: VJ48727; ) | |
| One K-95 Stun Gun, ) | |
| S/N: None; ) | |
| One Single Shot Topper 12 Gauge ) | |
| Shotgun, S/N: AG269751; ) | |
| One Bolt Action .22 Caliber Rifle, ) | |
| S/N: None; ) | |
| One 12 Gauge, Double Barrel Shotgun, ) | |
| S/N: None; ) | |
| One New Haven .410 Bolt Action ) | |
| Shotgun, S/N: None; ) | |
| One Browning A-bolt .270 Caliber Rifle, ) | |
| S/N: 21063NM717; ) | |

|  |  |
|---|---|
| One Browning 7mm Bolt Action Rifle, S/N: None; | ) ) |
| One New England Arms 20 Gauge Shotgun, S/N: NS315104; | ) ) |
| One Norinco SKS Semi-Automatic Rifle, S/N: 3080787; | ) ) |
| One Charles Daily 12 Gauge Shotgun, S/N: 955971; | ) ) |
| One Revelation 30-30 Lever Action Rifle, S/N: 905104; | ) ) |
| One Winchester Single Shot 12 Gauge Shotgun, S/N: None; | ) ) |
| One Lorcin .380 Caliber Pistol, S/N: 210828; | ) ) |
| One Sportarms Model HS 38S Caliber Pistol, S/N: 50130; | ) ) |
| One Davis Industries .32 Caliber Pistol, S/N: 153751; | ) ) |
| One Ruger .22 Caliber Revolver, S/N: 260-91107; | ) ) |
| One H&R .32 Caliber Pistol, S/N: AP1468841; | ) ) |
| One Amadeo Rossi .357 Magnum Handgun, S/N: F089643; | ) ) |
| One Smith & Wesson .44 Magnum Handgun, S/N: BEC2255; | ) ) |
| One Hi-Point .380 Caliber Pistol, S/N: P909201; | ) ) |
| One Jennings 9mm Pistol, S/N: 757996; | ) ) |
| One RG .22 Caliber Pistol, S/N: L618209; | ) ) |
| One Smith & Wesson Revolver, S/N: S30225; and | ) ) |
| One Smith & Wesson Revolver, S/N: R714828, | ) ) ) |
| FBI Case No. 046H-AT-105974 | ) ) |
| Seized March 7, 2011and March 14, 2011, Wilkinson County, Georgia | ) ) ) |

| | |
|---|---|
| **Referred for judicial action** | ) |
|  | ) |
| **Elbert Shinholster,** | ) |
| **Claimant.** | ) |
|  | ) |

### SECOND ORDER EXTENDING UNITED STATES' TIME TO FILE COMPLAINT FOR FORFEITURE

The United States, as authorized by 18 U.S.C. § 983(a)(3)(A)-(C), having moved the Court to extend the time in which the United States is required to file a complaint for forfeiture against property or to obtain an indictment/information alleging that property is subject to forfeiture to which a claim has been filed by Elbert Shinholster in a nonjudicial civil forfeiture proceeding commenced by the United States Department of Justice, Federal Bureau of Investigation ("FBI"), the property being the following:

a) $112,430.00 in U.S. Funds;

b) $30,597.81 in U.S. Funds;

c) $21,259.94 in U.S. Funds;

d) $14,996.61 in U.S. Funds;

e) $11,550.39 in U.S. Funds;

f) $11,001.01 in U.S. Funds;

g) $7,551.71 in U.S. Funds;

h) One Ruger P89 Pistol, S/N: 312-25133;

i) One Remington 7400 .243 Caliber Rifle, S/N: N8441563;

j) One Remington 870 12 Gauge Shotgun, S/N: A716593M;

k) One JC Higgins .22 Caliber Rifle, S/N: None;

l) One Eastern .410 Caliber Shotgun, S/N: None;

m)   One Armalite .22 Caliber Rifle, S/N: None;

n)   One Ranger Pistol, S/N: 397093;

o)   One Johnson Revolver, S/N: None;

p)   One Taurus PT 24/7, .45 Caliber Pistol, S/N: NAT61929;

q)   One Taurus .38 Revolver, S/N: VJ48727;

r)   One K-95 Stun Gun, S/N: None;

s)   One Single Shot Topper 12 Gauge Shotgun, S/N: AG269751;

t)   One Bolt Action .22 Caliber Rifle, S/N: None;

u)   One 12 Gauge, Double Barrel Shotgun, S/N: None;

v)   One New Haven .410 Bolt Action Shotgun, S/N: None;

w)   One Browning A-bolt .270 Caliber Rifle, S/N: 21063NM717;

x)   One Browning 7mm Bolt Action Rifle, S/N: None;

y)   One New England Arms 20 Gauge Shotgun, S/N: NS315104;

z)   One Norinco SKS Semi-Automatic Rifle, S/N: 3080787;

aa)  One Charles Daily 12 Gauge Shotgun,  S/N: 955971;

bb)  One Revelation 30-30 Lever Action Rifle, S/N: 905104;

cc)  One Winchester Single Shot 12 Gauge Shotgun, S/N: None;

dd)  One Lorcin .380 Caliber Pistol; S/N: 210828;

ee)  One Sportarms Model HS 38S Caliber Pistol, S/N: 50130;

ff)  One Davis Industries .32 Caliber Pistol,  S/N: 153751;

gg)  One Ruger .22 Caliber Revolver, S/N: 260-91107;

hh)  One H&R .32 Caliber Pistol, S/N: AP1468841;

      ii)      One Amadeo Rossi .357 Magnum Handgun, S/N: F089643;

      jj)      One Smith & Wesson .44 Magnum Handgun, S/N: BEC2255;

      kk)      One Hi-Point .380 Caliber Pistol, S/N: P909201;

      ll)      One Jennings 9mm Pistol, S/N: 757996;

      mm)      One RG .22 Caliber Pistol, S/N: L618209;

      nn)      One Smith & Wesson Revolver, S/N: S30225; and

      oo)      One Smith & Wesson Revolver, S/N: R714828,

hereinafter referred to as ("subject property").

The United States having represented to the Court as follows:

1. All of the written notices of intent to forfeit required by 18 U.S.C. § 983(a)(1)(A) to be sent by the FBI to interested parties has been sent; and

2. The time has expired for any person to file a claim to the subject property under 18 U.S.C. § 983(a)(2)(A)-(E); and

3. No other person has filed a claim to the subject property as required by law in this non-judicial civil forfeiture proceeding; and

The Claimant, Elbert Shinholster, having been given notice and an opportunity for hearing on the United States' Motion regarding the subject property; and

The United States having shown good cause for such an extension and requesting only a short extension of the statutory deadline as to prevent the unnecessary expenditure of public resources and funds by making it unnecessary to file a complaint for forfeiture against the subject property followed by an indictment/information alleging that the property is subject to forfeiture, it is;

ORDERED, under 18 U.S.C. § 983(A)-(C), that the date by which the United States is required to file a complaint for forfeiture against the subject property and/or to obtain an indictment alleging that the property is subject to forfeiture is extended to November 17, 2011.

SO ORDERED, this 18th day of October, 2011.

s/Marc T. Treadwell
_____
MARC T. TREADWELL, JUDGE
U.S. DISTRICT COURT

Prepared by:

s/Danial E. Bennett
Assistant United States Attorney